# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Deborah Silverstein Dombrowski

**(b)** County of Residence of First Listed Plaintiff  Camden County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Michael B. Lerner
Benjamin Steinberg, Esq.
359 E. Street Road Feasterville, PA 19053

## DEFENDANTS

Dutch Maid Logistics, Inc. and Scott Simpson

County of Residence of First Listed Defendant  Huron County, OH
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
William J. Thrall, III, Esq.
Fowler Hirtzel McNulty Spaudling
2000 Market St, Suite 550, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government
  Plaintiff
- ☐ 2 U.S. Government
  Defendant
- ☐ 3 Federal Question
  *(U.S. Government Not a Party)*
- ☒ 4 Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. s 1332
Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE  6/7/2019

SIGNATURE OF ATTORNEY OF RECORD  W. J. Thrall

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



**F H** Fowler
Hirtzel
**MS** McNulty
Spaulding

2000 Market Street
Suite 550
Philadelphia, PA 19103
P (215) 789-4848
www.fhmslaw.com

William L. Thrall, III
Partner
Direct Dial: (267) 570-3188
Cell: (215) 356-1115
Fax: (215) 874-8547
E-mail: wthrall@fhmslaw.com

June 7, 2019

Ms. Kate Barkman
The Office of the Clerk of Court
United States District Court,
Eastern District of Pennsylvania
2609 United States Courthouse
Philadelphia, PA 19106-1797

Re:  **Dombrowski v. Dutch Maid Logistics, Inc.,
et al.**
      **Notice of Removal**

Ms. Barkman:

Pursuant to the local rules and your handbook, enclosed are the requisite documents for a proper Notice of Removal. Enclosed are Case Management Track Designation Forms, two copies of the Designation Form, a copy of the Notice of Removal addressed to the Prothonotary of the Court of Common Pleas for Philadelphia County, a copy of the Notice of Removal addressed to Plaintiff's Counsel, our Notice of Removal, and true and correct copies of Plaintiff's Complaint.

Per your Handbook, these documents are saved in PDF format on the enclosed CD. If you have any questions, do not hesitate to contact us.

Respectfully Submitted,

FOWLER HIRTZEL MCNULTY &
SPAULDING, LLP

William L. Thrall, III, Esquire

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Deborah Silverstein Dombrowski | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Dutch Maid Logistics, Inc. and Scott Simpson | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| | | |
|---|---|---|
| 6/7/2019 | William L. Thrall, III, Esq. | Defendants |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-570-3188 | 215-874-8547 | WTHRALL@FHMSLAW.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 6 Roberts Drive, Cherry Hill, NJ 08003 _____

Address of Defendant: _____ 3377 U.S. Highway 224 E, Willard, OH 44890 and 31 A Church Street, Brandon, VT 05733 _____

Place of Accident, Incident or Transaction: _____ 76 East, Walt Whitman Bridge, Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _6/7/2019_  _W. Ferm (signature)_  _201834_
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **6 Roberts Drive, Cherry Hill, NJ 08003**

Address of Defendant: **3377 U.S. Highway 224 E, Willard, OH 44890 and 31 A Church Street, Brandon, VT 05733**

Place of Accident, Incident or Transaction: **76 East, Walt Whitman Bridge, Philadelphia, PA**

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/7/2019 _____ W. Jam _____ 201834

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**    *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☒ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ _____ _____

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DEBORAH SILVERSTEIN DOMBROWSKI, | CIVIL ACTION |
| *Plaintiff,* | |
| vs. | NO: |
| DUTCH MAID LOGISTICS, INC. AND SCOTT SIMPSON, | |
| *Defendants.* | **JURY TRIAL DEMANDED** |

## **DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL**

**TO:   OFFICE OF JUDICIAL RECORDS**
First Judicial District of Pennsylvania
City Hall, Room 284
Philadelphia, PA 19107

Please take notice that Defendants, by and through their counsel, Fowler Hirtzel McNulty & Spaulding, LLP filed a Notice in the United States District Court for the Eastern District of Pennsylvania for removal pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1441 *et seq.* of a civil action now pending in the Court of Common Pleas, Philadelphia County, May Term 2019, No. 9069.

This case qualifies for removal under diversity jurisdiction, because all parties to this action are citizens of different states, and the amount-in-controversy exceeds $75,000.00.

Respectfully submitted this the 7th day of June, 2019.

FOWLER HIRTZEL MCNULTY
**& SPAULDING, LLP**
**By :**

Date: June 7, 2019

WILLIAM L. THRALL, III, ESQUIRE
DEVON S. DAVIS, ESQUIRE
Attorneys For Defendants, Dutch Maid Logistics,
Inc. and Scott Simpson

{W0929772.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DEBORAH SILVERSTEIN DOMBROWSKI, | CIVIL ACTION |
| *Plaintiff,* |  |
| vs. | NO: |
| DUTCH MAID LOGISTICS, INC. AND SCOTT SIMPSON, |  |
| *Defendants.* | **JURY TRIAL DEMANDED** |

## <u>DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL</u>

**TO:  PLAINTIFF, DEBORAH SILVERSTEIN DOMBROWSKI**
  c/o Benjamin Steinberg, Esquire
  Law Offices of Michael B. Lerner
  359 East Street Road
  Feasterville, PA 19053

Please take notice that Defendants, by and through their counsel, Fowler Hirtzel McNulty & Spaulding, LLP filed a Notice in the United States District Court for the Eastern District of Pennsylvania for removal pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1441 *et seq.* of a civil action now pending in the Court of Common Pleas, Philadelphia County, May Term 2019, No. 9069.

This case qualifies for removal under diversity jurisdiction, because all parties to this action are citizens of different states, and the amount-in-controversy exceeds $75,000.00.

Respectfully submitted this the 7th day of June, 2019.

**FOWLER HIRTZEL MCNULTY
& SPAULDING, LLP**
By
:  _____
WILLIAM L. THRALL, III, ESQUIRE
DEVON S. DAVIS, ESQUIRE
Attorneys For Defendants, Dutch Maid Logistics,
Inc. and Scott Simpson

Date: June 7, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH SILVERSTEIN DOMBROWSKI, <br><br> *Plaintiff,* <br><br> vs. <br><br> DUTCH MAID LOGISTICS, INC. AND SCOTT SIMPSON, <br><br> *Defendants.* | CIVIL ACTION <br><br> NO: _____ <br><br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' NOTICE OF REMOVAL

Defendant, Dutch Maid Logistics, Inc. (hereinafter "Dutch Maid Logistics"), and Defendant, Scott Simpson (hereinafter "Simpson"), by their counsel, Fowler Hirtzel McNulty & Spaulding, LLP, files this Notice of Remove of the above-captioned action, which is presently in the Philadelphia County Court of Common Pleas, Civil Action May Term 2019, No. 9069, pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1441 *et seq.*, and in support thereof, avers as follows:

1.    Plaintiff, Deborah Silverstein Dombrowski ("Plaintiff"), claims she was injured while operating a motor vehicle on Route 76 East, the Walk Whiteman Bridge, in Philadelphia, Pennsylvania, on May 26, 2017.

2.    Andrews filed suit in the Court of Common Pleas of Philadelphia County on May 24, 2019.[1]

---

[1] Normally, a copy of the Court of Common Pleas of Philadelphia County would be attached to this instant Notice of Removal. However, due to recent and unresolved issues with the Court's electronic filing and docketing system, the Court was unable to provide a copy of the docket for this matter. As indicated in this Notice, a time stamped copy of the Complaint has been attached.

3.     Upon information and belief, Plaintiff's Complaint is the only pleading or paper filed in this matter in the Court of Common Pleas. Plaintiff's Complaint is attached as **Exhibit "A"**.

## I.     PARTIES

4.     Plaintiff resides in Cherry Hill, New Jersey. *See* Ex. A. ¶ 1 and caption.

5.     Plaintiff avers that she is a citizen of the State of New Jersey. *See id.*

6.     Defendant Dutch Maid Logistics, Inc., is an Ohio corporation with its principal place of business located in Willard, Ohio. A copy of the Certificate of Good Standing from the Ohio Office of the Secretary of State is attached as **Exhibit "B"**.

7.     Defendant Scott Simpson is an adult individual and citizen of the State of Vermont. *See* Ex. "A".

## II.     BACKGROUND

8.     In her Complaint, Plaintiff, alleges that she was injured following a motor vehicle accident that occurred on route 76 East, the Walk Whitman Bridge, located in Philadelphia, Pennsylvania. *See* Ex. A., ¶ 7.

9.     Plaintiff alleges that she sustained injuries to various parts of his body, including, specifically injuries to her hips, knees, legs, cervical, lumbosacral and thoracic spine, and head. *See* Ex. A., ¶ 11.

10.     Moreover, in her Complaint, Plaintiff alleges to have suffered both physical and emotional injuries, all of which are permanent in nature, including a loss of earnings and/or earning capacity. *See* Ex. A., ¶ 12-14.

11.     The *ad damnum* clause of the Complaint requests damages "in excess of $50,000."

12.     Further, Plaintiff consciously did not file her Complaint as an arbitration matter, for which there is a $50,000.00 cap on recovery. *See* Ex. A, Cover Sheet.

13.     Instead, filed this action as a major non-jury matter, for which there is no cap on recovery.

14.     Given the allegations contained in the Complaint, it is anticipated Plaintiff's claimed damages will exceed the $75,000 amount in controversy.

### III.     LEGAL BASIS FOR REMOVAL

15.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.

16.     "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

**B.     THE CASE IS REMOVABLE BECAUSE PLAINTIFF AND ALL DEFENDANTS ARE COMPLETELY DIVERSE CITIZENS AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

17.     Diversity jurisdiction is proper where (1) complete diversity exists, and (2) the amount in controversy exceeds $75,000.00.

**1.     COMPLETE DIVERSITY EXISTS.**

18.     For individuals, "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann v. George W. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

19.     Plaintiff is a citizen of the State of New Jersey.

20.     Defendant Scott Simpson is a citizen of the State of Vermont.

21.     A corporation is a citizen of the states in which it is incorporated and in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

22.     Defendant Dutch Maid Logistics, Inc. is an Ohio corporation, and its principal place of business is in Ohio.

23.     Thus, Defendant Dutch Maid Logistics, Inc. is a citizen of Ohio.

24.     For purposes of determining diversity, Plaintiff is a New Jersey citizen, Defendants Dutch Maid Logistics, Inc. and Scott Simpson are citizens of Ohio and Vermont, respectively.

25.     Therefore, complete diversity of citizenship under 28 U.S.C. § 1332 exists.

### 1. THE AMOUNT IN CONTROVERSY EXCLUSIVE OF INTEREST AND COSTS EXCEEDS $75,000.

26.     In addition to complete diversity, diversity jurisdiction requires that the amount in controversy exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

27.     When case is removed on the basis of diversity jurisdiction,

the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]

28 U.S.C. § 1446(c)(2)(A)(ii).

28.     "[R]emoval of the action is proper on the basis of an amount in controversy asserted under [28 U.S.C. § 1446(c)(2)(A)(ii)] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000.00, exclusive of interest and costs (for purposes of this case). 28 U.S.C. § 1446(c)(2)(B).

29.     Pennsylvania law prohibits a party from demanding a specific amount of unliquidated damages. *See* Pa.R.C.P. No. 1021(b).

30.     Accordingly, Defendants are entitled to assert the amount in controversy in this Notice of Removal. *See* 28 U.S.C. § 1446(c)(2)(A)(ii); *Howard v. Wal-Mart Supercenter*, No. 09-cv-4530, 2009 WL 4362856, 2009 U.S. Dist. LEXIS 112078, at *7-10 (E.D. Pa. Dec. 1, 2009) (noting that Rule 1021(b) allows a defendant to assert the amount in controversy in its notice of removal).

31.     "The amount in controversy is not measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d. Cir. 2002).

32.     Further, "a claim may be remanded for lack of subject-matter jurisdiction only when 'it . . . appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Lewis v. FCA US LLC*, No. 15-2811, 2015 WL 3767521, 2015 U.S. Dist. LEXIS 78214, at *5 (E.D. Pa. June 17, 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938));[2] *Howard*, 2009 U.S. Dist. LEXIS 112078, at *8 (quoting *DiBattista v. Dixon*, No. 09-cv-3086, 2009 WL 2245060, 2009 U.S. Dist. LEXIS 65175, at *4 (E.D. Pa. July 27, 2009)) ("[T]he rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000.").

33.     As noted above, the *ad damnum* clause of Plaintiff's Complaint asserts that her damages are expected to exceed $50,000.00. *See* Ex. "A".

---

[2] *Red Cab* was superseded in part on other grounds by the Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, Title X, § 1016(b), 102 Stat. 4669 (amending 28 U.S.C. § 1447(c)).

34.     This is reinforced by the fact that Plaintiff consciously chose to file her Complaint in the Major Non-Jury court Program, for which there is no monetary cap on recovery, as opposed to filing as an arbitration case.[3]

35.     Based on the entire Complaint, *see Lewis*, 2015 U.S. Dist. LEXIS 78214, at \*6, and the harm allegedly suffered by Plaintiff it is more likely than not that the amount in controversy is more than $75,000.00, exclusive of interest and costs.

36.     Because the amount in controversy exceeds $75,000.00 and complete diversity exists, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a); and removal is therefore proper.

### C. VENUE IN THIS COURT IS PROPER.

37.     Venue is proper in the district court and division thereof which embrace the place where the state-court action is pending. 28 U.S.C. § 1441(a).

38.     Philadelphia County is within the Eastern District of Pennsylvania.

39.     Therefore, this Court is the proper venue for removal of this action.

### D. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

40.     A notice of removal must be filed within 30 days after receipt of the "initial pleading setting for the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b); *see Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 221-23 (3d Cir. 2005).

41.     If an action is not initially removable, a party may nevertheless remove the case within 30 days after receipt by the defendant of an "amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

---

[3] 42 Pa.C.S.A. § 7361 allows courts of common pleas to require compulsory arbitration for cases whose amount in controversy is less than $50,000.00. By rule, cases having an amount in controversy less than $50,000.00 are assigned to the compulsory arbitration program. Phila.Civ.R. \*1301.

42.     Here, this Notice of Removal is filed within 30 days of when Defendants received notice of Plaintiff's Complaint, and is therefore timely. *See* 28 U.S.C. § 1446(b)(3).

43.     Accordingly, the procedural requirements to remove this matter are met.

## IV.     JURY TRIAL DEMAND

44.     Under Fed.R.Civ.P. 38(b)(1), Defendants demand trial by jury on all issues so triable.

**WHEREFORE**, under 28 U.S.C. § 1441, Defendant, Dutch Maid Logistics, Inc., and Defendant, Scott Simpson, respectfully give notice that the action now pending against them in the Court of Common Pleas of Philadelphia County, Pennsylvania is removed to this Honorable Court.

Respectfully submitted,

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**

By: _____

Dated: June 7, 2019

WILLIAM L. THRALL, III, ESQUIRE
PA ID #: 201834
DEVON S. DAVIS, ESQUIRE
PA ID #: 314253
Fowler, Hirtzel, McNulty & Spaulding, LLP
2000 Market Street, Suite 550
Philadelphia, PA 19103
P: 267-570-3188
F: 215-874-8547
E: wthrall@fhmslaw.com
E: ddavis@fhmslaw.com
Attorneys for Defendants, Dutch Maid
Logistics, Inc. and Scott Simpson

## CERTIFICATE OF SERVICE

I, William L. Thrall, III, Esquire, attorney for Defendants, Dutch Maid Logistics, Inc. and

Scott Simpson, do hereby certify that a true and correct copy of the foregoing Notice Removal

was served via first-class mail to the following:

Benjamin Steinberg, Esquire
Law Offices of Michael B. Lerner
359 East Street Road
Feasterville, PA 19053
***Counsel for Plaintiff***

William L. Thrall, III, Esq.
Devon S. Davis, Esq.
Attorneys for Defendants Dutch Maid
Logistics, Inc. and Scott Simpson

**Date: June 7, 2019**

# EXHIBIT "A"

# LAW OFFICES
of
# MICHAEL B. LERNER

**Michael B. Lerner, Esq.***
mike@lernerslaw.com

**Benjamin Steinberg, Esq.#**
ben@lernerslaw.com

359 E. Street Road
Feasterville, PA 19053

(215) 355-6400
(215) 355-5629   Fax

438 Walnut Street
Reading, PA 19601
(610) 375-1500

\* Member PA Bar
\# Member PA and NJ Bars

May 28, 2019

**VIA CERTIFIED MAIL**
Dutch Maid Logistics, Inc.
3377 U.S. Highway 224 E
Willard, OH 44890

Re:   **Deborah Silverstein Dombrowski v Dutch Maid Logistics, Inc. and Scott Simpson**

Dear Sir/Madam:

Enclosed please find Complaint with regard to the above matter.  Kindly forward same to your insurance company.

Very truly yours,

LAW OFFICES OF MICHAEL B. LERNER

Michael B. Lerner, Esquire
MBL:ma
Encl.

Benjamin Steinberg, Esquire
359 E. Street Road
Feasterville, PA 19053
I.D.# 208316
Attorney for Plaintiff
(215) 355-6400

**THIS IS NOT AN ARBITRATION
MATTER, AN ASSESSMENT OF
DAMAGES IS REQUIRED**

**ATTEST**

MAY 2 4 2019

D. SAVAGE
JUDICIAL RECORDS

---

Deborah Silverstein Dombrowski          :
6 Roberts Drive.                        :
Cherry Hill, New Jersey 08003           :

                              Plaintiff :

vs                                      :

Dutch Maid Logistics, Inc.              :
3377 U.S. Highway 224 E                 :
Willard, Ohio 44890                     :
     and                                :
Scott Simpson                           :
31 A Church Street                      :
Brandon, Vermont 05733                  :

Court of Common Pleas

Philadelphia County

May Term: 2019

**009069**

No.:

---

## CIVIL COMPLAINT - PERSONAL INJURY
## NEGLIGENCE 2V- MOTOR VEHICLE

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| Philadelphia Bar Association<br>Lawyer Referral and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>Telephone: (215) 238-1701 | Asociación De Licenciados De Filadelfia<br>Servicio De Referencia E Información Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Teléfono: (215) 238-1701 |

Deborah Silverstein Dombrowski
6 Roberts Drive.
Cherry Hill, New Jersey 08003                  :

                                  Plaintiff   :

        vs                                     :

Dutch Maid Logistics, Inc.                     :
3377 U.S. Highway 224 E
Willard, Ohio 44890                            :
        and
Scott Simpson                                  :
31 A Church Street
Brandon, Vermont 05733                         ;

Court of Common Pleas

Philadelphia County

May Term: 2019

No.:

## CIVIL COMPLAINT  - PERSONAL INJURY
## NEGLIGENCE 2V- MOTOR VEHICLE

1. Plaintiff, Deborah Silverstein Dombrowski, is an adult individual, citizen and resident of the State of New Jersey, and resides at the address above stated

2. Defendant, Scott Simpson,  is an adult individual, citizens and resident of the State of Vermont and resides at the address above stated.

3. At all times material hereto, the Defendant, Scott Simpson, acted individually and/or within his scope of employment, and/or as agent, employee, servant, workman, of the Defendant, Dutch Maid Logistics, Inc.,  and specifically at the direction of the Defendant, Dutch Maid Logistics, Inc..

4. Defendant, Dutch Maid Logistics, Inc.,  is a  Corporation and/or other business entity, duly organized and existing under the laws of the Commonwealth of Pennsylvania and/or any other state, with a principal office located at the address above stated.

5. At all times material hereto, Defendant, Dutch Maid Logistics, Inc.,  acted individually, and/or  by and through its agents, workmen, servants, employees and or workman, Scott

Simpson, who was within his scope of employment and/or agency, such that Defendant, Dutch

Maid Logistics, Inc.,  is therefore was/is vicariously liable for the negligent and careless conduct

of Scott Simpson,  who was acting within the course and scope of his employment and/or agency,

and of Dutch Maid Logistics, Inc..

     6. Pursuant to 75 PA CSA Section1705 et seq., Plaintiff is entitled to Full Tort Status.

     7. On or about May 26, 2017,  Plaintiff, Deborah Silverstein Dombrowski, was operating

a motor vehicle, that was slowing and/or stopped in traffic on Route 76 East, the Walt Whitman

Bridge, hereinafter referred to as "WWB", in Philadelphia, PA. Suddenly and without  warning, a

vehicle owned by Dutch Maid Logistics, Inc., and operated by the Defendant, Scott Simpson, that

was also traveling on Rte 76 East, WWB, and behind Plaintiff's vehicle, carelessly, negligently

and violently struck Plaintiff's vehicle in the rear.

     8. As a result of this accident, plaintiff, Deborah Silverstein Dombrowski, suffered severe

and permanent bodily injury and property damage and other out of pocket damage and losses.

## COUNT I

### Plaintiff, Deborah Siverstein Dombrowski  vs   Defendant,  Scott Simpson

     9.. Plaintiff, Deborah Silverstein Dombrowski, incorporates herein paragraphs l through 8

inclusive, as if fully set forth below at length.

     10 The negligent and careless conduct of the Defendant, Scott Simpson, consisted of the

following:

        a.  Operating said vehicle in a negligent and careless manner without regard for

rights or safety of plaintiff, or others;

        b.  Failing to have said vehicle under proper and adequate control, and to be able

to stop rather than striking the Plaintiff's vehicle in the rear;

c.  Failing to observe the position of the plaintiff, and to take such action as was necessary to prevent striking plaintiff;

d.  Operating said vehicle at a dangerous and excessive rate of speed;

e.  Being inattentive to his duties as an operator of a motor vehicle;

f.  Failing to bring said vehicle to a stop within the assured cleared distance ahead;

g.  Failing to remain continually alert while operating said vehicle;

h.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

I.  Failing to give plaintiff meaningful warning signs concerning the impending collision;

j.  Failing to exercise ordinary care to avoid a collision;

k.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

l.  Operating said vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff.

m.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the County of Philadelphia, and the Statutes of the Commonwealth of Pennsylvania, pertaining to the operations and control of motor vehicle; and,

n.  Failing to take the proper caution to avoid striking Plaintiff's vehicle in the rear and keeping a safe distance from the Plaintiff's vehicle in front of him;

o.  Negligently and carelessly operating his vehicle so as to not strike Plaintiff's vehicle;

11  As a direct result of the negligent and careless conduct of the Defendant, Scott Simpson,  the Plaintiff, Deborah Silverstein Dombrowski,  suffered various serious and permanent personal injuries, serious impairment of bodily function, and/or permanent serious disfigurement, including, but not limited to, her hips, knees, legs, cervical,  lumbosacral and thoracic spine injuries, head, and contusions:

12. As a result of these injuries, plaintiff, Deborah Silverstein Dombrowski, has in the past, is presently, and may in the future, suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future, all of which are permanent in nature and all of which is to her great financial detriment and loss.

13. As an additional result of the careless and negligent conduct of the Defendant, Scott Simpson, the Plaintiff, Deborah Silverstein Dombrowski, has suffered emotional injuries along with the physical injuries suffered.

14.  As a further result of the injuries sustained by the plaintiff, Deborah Silverstein Dombrowski, she has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to her further loss and detriment.

15.  As an additional result of the careless and negligent conduct of the Defendant, Scott Simpson,  the Plaintiff, Deborah Silverstein Dombrowski, suffered property damage to her vehicle, and other related expenses associated with fixing and maintaining her vehicle.

16. Furthermore, in addition to all the injuries and losses suffered by the Plaintiff, Deborah Silverstein Dombrowski, she has incurred or will incur medical, rehabilitative, property damage and other related expenses in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, which she makes claim for in the present action.

**WHEREFORE**, Plaintiff, Deborah Silverstein Dombrowski, demands judgment in her favor and against Defendant, Scott Simpson, individually, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT II

### Plaintiff, Deborah Silverstein Dombrowski vs Defendant, Dutch Maid Logistics, Inc.

17.. Plaintiff, Deborah Silverstein Dombrowski, incorporates herein paragraphs 1 through 16 inclusive, as if fully set forth below at length.

18. At all times material hereto, Dutch Maid Logistics, Inc. acted individually and by and through its employee, agent, servant and/or workman, Scott Simpson, and was/is negligent and/or was/is vicariously liable for the negligent and careless conduct of Defendant, Scott Simpson, which consisted of the following acts:

    a. Operating said vehicle in a negligent and careless manner without regard for rights or safety of plaintiff, or others;

    b. Failing to have said vehicle under proper and adequate control;

    c. Failing to observe the position of the plaintiff, and to take such action as was necessary to prevent striking plaintiff;

    d. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    e. Being inattentive to his duties as an operator of a motor vehicle;

    f. Failing to bring said vehicle to a stop within the assured cleared distance ahead;

    g. Failing to remain continually alert while operating said vehicle;

     h.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

     I.  Failing to give plaintiff meaningful warning signs concerning the impending collision;

     j.  Failing to exercise ordinary care to avoid a collision;

     k.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

     l.  Operating said vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff.

     m.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the County of Philadelphia, and the Statutes of the Commonwealth of Pennsylvania, pertaining to the operations and control of motor vehicle; and,

     n. Operating the said motor vehicle in a careless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff;

     o. Failing to stop so as to not strike Plaintiff's vehicle in the rear;.

     q. Otherwise failing to exercise due and proper care under the circumstances;

     r.  Failing to take the proper caution at intersections and exit/entrances at parking lots so as to avoid striking plaintiffs vehicle;

19. The negligent and careless conduct of the Defendant, Dutch Maid Logistics, Inc., further consisted of the following:

     a. permitting an incompetent driver to operate the vehicle;

     b. failed to determine whether the defendant driver possessed the necessary skills

and/or possessed the necessary mental or physical ability to exercise such driving skills;

c. Failing to instruct defendant driver in the proper method of operating a motor vehicle;

d. Failing to determine the competency of defendant driver to operate the vehicle in question;

e. Failing as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle, at the aforesaid time and place as herein before described;

f. Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

g. Failing to inspect his vehicle or to maintain his vehicle in a safe and non-defective condition;

h. Being otherwise negligent and careless under the circumstances;

I  Negligently entrusting the vehicle in question to a person/Defendant, that then caused said motor vehicle accident;

j  Negligently entrusting a person/Defendant, Scott Simpson, to drive a vehicle, when the owner/Defendant knew or should have known that the driver had a propensity to operate a motor vehicle in a careless and negligent manner.

20.  As a direct result of the negligent and careless conduct of the Defendant, Dutch Maid Logistics, Inc.,  the Plaintiff, Deborah Silverstein Dombrowsk,  suffered various serious and permanent personal injuries, serious impairment of bodily function, and/or permanent serious disfigurement, including, but not limited to, her hips, knees, legs, cervical,  lumbosacral and thoracic spine injuries, head contusions, etc.

21. As a result of these injuries, plaintiff, Deborah Silverstein Dombrowski, she has in the past, is presently, and may in the future, suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future, all of which are permanent in nature and all of which is to her great financial detriment and loss.

22 As an additional result of the careless and negligent conduct of the Defendant, Dutch Maid Logistics, Inc., the Plaintiff, Deborah Silverstein Dombrowski, has suffered emotional injuries along with the physical injuries suffered.

23. As a further result of the injuries sustained by the plaintiff, Deborah Silverstein Dombrowski, she has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to her further loss and detriment.

24. As an additional result of the careless and negligent conduct of the Defendants, Dutch Maid Logistics, Inc., the Plaintiff, Deborah Silverstein Dombrowski, suffered property damage to her vehicle, and other related expenses associated with fixing and maintaining her vehicle.

25 Furthermore, in addition to all the injuries and losses suffered by the Plaintiff, Deborah Silverstein Dombrowski, she has incurred or will incur medical, rehabilitative, property damage and other related expenses in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, which she makes claim for in the present action.

**WHEREFORE,** Plaintiff, Deborah Silverstein Dombrowski, demands judgment in her favor and against Defendant, Dutch Maid Logistics, Inc., individually, jointly and severally, in an amount, in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

Respectfully Submitted,

Benjamin Steinberg, Esq

Dated: May 23, 2019

VERIFICATION

The averments or denials contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This verification is made subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

Dated: 7/11/17                    BY    x _____

# EXHIBIT "B"

# UNITED STATES OF AMERICA
# STATE OF OHIO
# OFFICE OF THE SECRETARY OF STATE

*I, Frank LaRose, do hereby certify that I am the duly elected, qualified and present acting Secretary of State for the State of Ohio, and as such have custody of the records of Ohio and Foreign business entities; that said records show DUTCH MAID LOGISTICS, INC., an Ohio corporation, Charter No. 508071, having its principal location in Willard, County of Huron, was incorporated on December 5, 1977 and is currently in GOOD STANDING upon the records of this office.*



*Witness my hand and the seal of the Secretary of State at Columbus, Ohio this 4th day of June, A.D. 2019.*

**Ohio Secretary of State**

**Validation Number:  201915502970**

## CERTIFICATE OF SERVICE

I, William L. Thrall, III, Esquire, attorney for Defendants, Dutch Maid Logistics, Inc. and

Scott Simpson, do hereby certify that a true and correct copy of the foregoing Notice Removal

was served via first-class mail to the following:

Benjamin Steinberg, Esquire
Law Offices of Michael B. Lerner
359 East Street Road
Feasterville, PA 19053
**Counsel for Plaintiff**

William L. Thrall, III, Esq.
Devon S. Davis, Esq.
Attorneys for Defendants Dutch Maid
Logistics, Inc. and Scott Simpson

**Date: June 7, 2019**